UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| v. | : | CRIMINAL NO. 3:03CR188(CFD) |
| MICHAEL G. SPERO | : | NOVEMBER 12, 2004 |

**GOVERNMENT'S SENTENCING MEMORANDUM**

I.  Introduction and Procedural History

On March 15, 2004, the defendant pleaded guilty to a violation of Title 18, United States Code, Section 2423(b), acknowledging that he had traveled in interstate for the purpose of engaging in illicit sexual contact with a person under 18 years of age. That charge was the first count of a two-count Superseding Indictment that had been returned on August 6, 2003.. Spero has been detained since his arrest on June 25, 2003.

At the time Spero was arrested by federal authorities in June 2004, he was on bond from the State of New Jersey as the result of a February 2003 arrest for similar conduct. In order to resolve all charges against him, the Government agreed to Spero's request that his federal sentencing be continued until he could be returned to New Jersey for the purpose of pleading guilty to the pending state charges and also for the purpose of being thereafter sentenced on those charges. Spero intended, by this maneuver, to seek to ask this Court to issue a sentence concurrent to whatever sentence was to be rendered in New Jersey. The defendant was returned to New Jersey, and on July 30, 2004, he pleaded guilty to a charge of second degree sexual assault. As a part of a plea

agreement reached in New Jersey, Spero had a sentencing hearing in New Jersey state court on October 29, 2004. Sentence was not actually imposed on that date, but Spero waived his right to be present when sentence is imposed. Consequently, the New Jersey court indicated that Spero will receive no more than five years imprisonment in that state, and, when the sentence is ultimately rendered (after this Court issues its sentence), the New Jersey sentence will be concurrent to the federal sentence. Spero was thereafter returned to this District for sentencing in this case.

II.     Factual Background

In May 2003, a 15 year old Connecticut male met the defendant over the internet. The defendant was portraying himself, over the Internet, as a 23 year old medical student. The defendant identified himself as "Drew." The defendant offered to travel to Connecticut to meet with the defendant and, although the victim knew that such a meeting might lead to sexual conduct, the victim did not specifically agree to engage in sexual acts with "Drew."

On June 10, 2003, the defendant met "Drew" near the high school where the victim was enrolled. Drew then drove the victim to the Grantmore Motor Lodge in Newington, Connecticut and expressed an interest in having sexual relations with the victim. The victim declined, initially, but eventually agreed to permit "Drew" to engage in anal sexual relations. After falling asleep, the victim awoke to find the defendant on top of him and again engaging in anal sexual relations. The victim asked the defendant to cease, and the defendant did so. On June 11, 2003, at another location, the defendant engaged in oral sexual relations with the victim. Thereafter, the defendant returned to New Jersey, and the victim, late on the evening of June 11, 2003 or in the early morning hours of June 12, 2003, appeared at Bristol Hospital stating that he had been the victim of a sexual assault.

On June 17, 2003, an undercover Special Agent of the Federal Bureau of Investigation

("UC") assumed the victim's identity and engaged in Internet communications with the defendant. After several days of communications, which made it abundantly clear that the defendant wished to engage in additional sexual relations with the victim, the defendant scheduled another meeting in Connecticut. The Government notes that in the course of those conversations, the defendant advised the UC that he had met someone else from Connecticut who was "fourteen or fifteen" and that the defendant had met the latter individual over the Internet.

Thereafter, the defendant did travel to Connecticut and was arrested in Connecticut on June 25, 2003. At that time, he acknowledged to the arresting agents that he had traveled from New Jersey to Connecticut to engage in sexual relations with a 15 year old boy. He also acknowledged that he had represented to the boy that he was 23 years of age and that he was a medical student when, in fact, the defendant was 41 years of age and not a medical student. The defendant also acknowledged that he had anally penetrated the 15 year old boy.

III.   Sentencing Guideline Calculation

    A. Offense Level

The defendant has stipulated that the following Sentencing Guideline calculations are accurate:

1. The base offense level, pursuant to United States Sentencing Guideline ("U.S.S.G."), Section 2A3.2(a)(1)(A) is     24

2. The defendant's misrepresentation of his age implicates U.S.S.G. §2A3.2(b)(2)(A).     +2

3. The defendant's use of a computer implicates U.S.S.G. § 2A3.2(b)(3)(A).     +2

4. The fact that the defendant engaged in similar prior conduct

|   |   |   |   |
|---|---|---|---|
|   | implicates U.S.S.G. § 4B1.5(b)(1)[1]. |   | +5 |
|   |   | Total = | 33 |
| 5. | The defendant's acceptance of responsibility implicates U.S.S.G. §3E1.1 |   | - 2 |
| 6. | Government's Motion for Additional Reduction of Offense Level |   | - 1 |
|   |   | Total Offense Level = | 30 |

There is a caveat to the foregoing calculations. The Government has recommended that the defendant receive credit for acceptance of responsibility, but that recommendation is conditioned upon, inter alia, "the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, . . . " Plea Agreement at 3. In this case the defendant has taken it upon himself to refuse to disclose work history placements with the United States Probation Officer. PSR at ¶ 57. Thus, although the defendant has revealed that he did residencies at hospitals in Massachusetts and New York, and that he worked independently from 1998-2002, PSR ¶ 58, this Court has no way of knowing whether any of those claims are true because the defendant has withheld the information necessary to confirm his statements. The probation officer recognizes, as does the Government, that the confluence between the defendant's occupation and the nature of his criminal conduct creates, in the words of the probation officer, a "third party risk concern."

The Government is of the view that the defendant's failure to respond to the Probation Officer's legitimate inquiry is inconsistent with his promise to give "full, complete, and truthful disclosure to the Probation Office of information requested." Thus, if he persists in his decision to

---

[1] This subsection applies because the defendant had not been convicted of the New Jersey offense, but since the New Jersey offense involved sexual contact with another minor, see PSR ¶¶ 32-34, and the defendant has now admitted to that conduct, the New Jersey conduct and the Connecticut conduct constitute a "pattern of activity" as that phrase is defined in U.S.S.G. § 4B1.5, Application Note 4(B)(i) and (ii).

withhold specific information regarding his work history, the Government is relieved of its obligation to recommend a reduction in offense level for acceptance of responsibility. The Court is not obligated to grant a reduction, sua sponte, when the defendant defies a legitimate request for information from a Probation Officer, merely so that the defendant can seek to conceal his criminal conduct from former employers. See PSR at ¶ 57. Such conduct hardly reflects the "candor and remorse" that the Court must weigh in deciding whether to grant a reduction in offense level for acceptance of responsibility. United States v. Reyes, 9 F.3d 275, 280 (2d Cir. 1993).

The only justification the defendant might have for not revealing his employment history is if, to do so, he would be making self-incriminating statements. Id. at 280. However, the fact that the defendant worked in a particular location as an anesthesiologist is not a fact that is incriminating. It does not expose the defendant to criminal prosecution, since such employment is lawful, having been presumably reported to the Social Security Administration, the Internal Revenue Service, the appropriate state Department of Labor, and others. Absent a showing that detailing the defendant's work history is self-incriminating, the defendant is not entitled to withhold such information.

### B. Criminal History

The defendant's New Jersey case is not fully resolved. He has not yet been sentenced, and no judgment has entered. In view of the foregoing facts, and since that offense has already been taken into consideration due to U.S.S.G. § 4B1.5(b)(1), the parties are of the view that the defendant's criminal history category is I. This results in a Sentencing Guideline range of 97 to 121 months imprisonment and a fine range of $15,000 to $150,000, unless the Court decides not to reduce the offense level for acceptance of responsibility..

IV. Impact of Blakely

The Second Circuit has determined that the decision in Blakely v. Washington, 124 S. Ct. 2531 (2004), a decision which post-dated the guilty plea in this case, does not affect the federal Sentencing Guidelines discussed in this memorandum. United States v. Mincey, 2004 WL 1794717, *1 (2d Cri. Aug. 12, 2004). However, even if the issue that was resolved in Mincey is decided differently by the United States Supreme Court when it resolves the pending cases of United States v. Booker, No. 04-104, __ S. Ct. ____, 2004 WL 1713654 (Aug. 2, 2004) and United States v. Fanfan, No. 04-105, ___ S. Ct. ___, 2004 WL 1713655 (Aug 2, 2004), it is not anticipated that any different result should obtain in this case. The defendant has already stipulated to the applicable Guidelines. The United States Supreme Court, in Blakely, concluded that the Sixth Amendment rights that resulted in the Blakely decision are not violated when a "statutory maximum" is based on facts either found by a jury beyond a reasonable doubt or admitted by the defendant himself. See Blakely, 124 S. Ct. at 2537 (holding that the statutory maximum for Apprendi purposes "is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." (Emphasis added)).

V. Departure

The Government is not seeking an upward departure. Similarly, the Government is of the view that there are no mitigating factors that justify a downward departure in this case. In the event that the defendant files a motion for a downward departure, the Government requests an opportunity to respond to such a motion. In the event that the Court ultimately imposes a downward departure, for any reason, the Government requests that the Court include the reasons for such a downward departure in the written Order of Judgment. See 18 U.S.C. § 3553(c)(2).

Conclusion

For all the foregoing reasons, the Government asks this Court to conclude that the applicable sentencing range is 97 to 121 months and to impose a sentence within that range. The period of supervised release for this case may be up to life, 18 U.S.C. § 3583(k), and the Government requests that such a sentence be imposed. The significant recidivism rate among sex offenders is well known to the Court, and the defendant's particularly bizarre behavior throughout the course of this prosecution mandate that he be closely supervised after he is released. Although the Sentencing Guidelines provide for a supervised release range of three to five years, U.S.S.G. § 5D1.2(a)(1), the relevant policy statement provides that if the offense of conviction is a sex offense, "the statutory maximum term of supervised release is recommended." U.S.S.G. § 5D1.2(c). The Government attaches, as Exhibit A, a proposed list of special conditions of supervised release which will provide the maximum possible protection to children who will be at risk after this defendant is released from imprisonment.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


JOHN A. DANAHER III
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct05101
450 Main Street, Rm. 328
Hartford, CT  06103
(860) 947-1101

<u>CERTIFICATION OF SERVICE</u>

I hereby certify that a copy of the foregoing has been mailed this 12th day of November, 2004, to the following:

Richard S. Cramer, Esq.
449 Silas Deane Highway
Wethersfield, CT 06109-2120

                                                                                                  _____
                                                                                                  JOHN A. DANAHER III
                                                                                                  ASSISTANT UNITED STATES ATTORNEY