# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA
v.
**MICHAEL G. SPERO**
60 Millay Road
Morganville, NJ 07751
DOB: **November 23, 1962**

**JUDGMENT IN A CRIMINAL CASE**

CASE NO. 3:03CR188 (CFD)
<u>JOHN A. DANAHER III</u>, Assistant U.S. Attorney

<u>RICHARD C. CRAMER</u>, Defendant's Attorney

The defendant pled guilty to count **1** of the superseding indictment. Accordingly, the defendant is adjudged guilty of count) **1**, which involves the following offense:

Title & Section: **18 U.S.C. Section 2423(b)**                                Count: **1**
Nature of Offense: Travel in Interstate Commerce for the Purpose of Engaging in Illicit Sexual Conduct With a Person Under Eighteen Years of Age
Date Offense Concluded: **June 10, 2003**

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

The defendant is hereby committed to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of: **99 months**. Upon release from custody, the defendant shall be on supervised release for a term of **5 years**. Special Conditions of Supervised Release include: **(1) The defendant is required to participate in a program approved by the U.S. Probation Officer for the treatment and monitoring of sex offenders**; (2) the defendant shall have no unsupervised contact with any child under 18 years of age. Supervision shall be with the approval of the U.S. Probation Officer and treatment provider; (3) the defendant shall not seek employment, nor participate in any voluntary activities, that would place him in a position of responsibility with regard to minor children: (4) the defendant shall not associate with convicted sex offenders, unless as part of an approved counseling group; (5) the defendant shall register with any applicable federal, state, and local sex offender registries; (6) the defendant shall not make use of Internet "chat rooms" involving children under the age of 18, access websites containing illegal pornographic content, or otherwise use a computer to access illegal pornographic content; (7) the defendant shall not access or possess any other pornographic materials involving minors; (8) the defendant shall permit the U.S. Probation Officer, upon reasonable suspicion, and accompanied by either local, state, or federal law enforcement authorities, to conduct a search of his residence, automobile, and workplace for the presence of sexually explicit materials involving minors; and, (9) the defendant shall allow the U.S. Probation Officer to inspect, upon reasonable suspicion, any computer to which he has access to determine whether he is using it to violate any of the above conditions. The defendant shall pay restitution in the amount of $1,264.88, to be paid at the rate of $200.00 per month during his period of supervised release, as ordered in the Restitution Order entered on this date. The court recommends to the Bureau of Prisons: That the defendant be designated to FMC Devens. **The defendant is also ordered to participate in a test for sexually transmitted diseases.**

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all restitution and special assessments imposed by this judgment are fully paid.

In addition to the special conditions of supervised release imposed above, it is hereby ordered that the conditions of supervised release set out on the reverse side are imposed.

Count **2** of the superseding indictment and the **original indictment** are dismissed on the motion of the United States.

It is ordered that the defendant shall pay a Special Assessment of **$100.00** for count 1 which shall be due **immediately**.

<u>JANUARY 7, 2005</u>
Date of Imposition of Sent.

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
**Kevin F. Rowe, Clerk**

BY: _____
    **Deputy Clerk**

Christopher F. Droney, United States District Judge
Date: **January 14, 2005**